# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HATCHER, Booking No. 17182375,<br><br>                              Plaintiff,<br><br>vs.<br><br>Dr. BLAKE, et al.,<br><br>                             Defendants. | Case No.: 3:18-cv-00561-MMA-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 6]**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)**<br><br>**AND**<br><br>**3) DENYING EX PARTE MOTION TO SET PRE-TRIAL HEARING DATES [Doc. No. 3]** |

ROBERT HATCHER ("Plaintiff"), while in custody at the San Diego Central Jail ("SDCJ"), filed this civil action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), on March 16, 2018. *See* Compl., Doc. No. 1.

Plaintiff did not pay the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint. Instead, he subsequently filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc No. 6), followed by an ex-parte Motion seeking to set pre-trial hearing dates (Doc. No. 3), as well as additional exhibits in support of his Complaint (Doc. No. 5).

**I.     Motion to Proceed In Forma Pauperis**

In order to commence a civil action, Plaintiff must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if Plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because Plaintiff is a prisoner, even if he is granted leave to proceed IFP, he will remain obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a Sheriff's Detentions Lieutenant at SDCJ attesting to his trust account activity. *See* Doc. No. 6 at 3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows that while Plaintiff had an average monthly deposit of $20, and carried an average monthly balance of $3.33 over the 6-month period preceding the filing of his Complaint, he had no money on the books at the time of filing. *See* Doc. No. 6 at 3.

Based on this accounting, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1) because Plaintiff appears currently unable to pay one. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 6), declines to exact any initial filing fee because his SDCJ certificate shows he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander at SDCJ, or his designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and forward payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

3

3:18-cv-00561-MMA-MDD

**II.     Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

   A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

"unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Complaint

Plaintiff invokes federal question jurisdiction under *Bivens*, names a SDCJ doctor, "medical staff," and "about 5" unidentified nurses as Defendants in the caption of his Complaint, and mentions his "right to medical care," but his pleading contains no factual allegations whatsoever. *See* Compl., Doc. No. at 1, 4, 5.

In lieu of any factual content, Plaintiff instead attaches dozens of SDCJ Sick Call Request and Inmate/Grievance Appeal Forms, copies of San Diego Superior Court Misdemeanor–Judgment Minutes in Criminal Case No. CN381450, and what appears to be an undated pleading submitted to the Superior Court Judge presiding over that case, requesting that the Judge hold the "medical staff" at SDCJ "in contempt" for bias and prejudice against him as a Blackfoot Indian. *Id.* at 8-49.

He seeks $30,000 in general and punitive damages. *Id.* at 7.

### C. *Bivens*

As a preliminary matter, the Court notes Plaintiff's Complaint was filed pursuant to *Bivens*; however, Defendants are alleged to be medical officials employed at and SDCJ, and are not alleged to have violated Plaintiff's constitutional rights under color or *federal* law. *See* Doc. No. 1 at 1-2.

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

Thus, because "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*," *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991), and pro se pleadings are subject to liberal construction, the Court will construe Plaintiff's Complaint as if it were filed pursuant to 42 U.S.C. § 1983. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (noting court's duty to construe pro se prisoner's pleadings liberally when screening complaints pursuant to 28 U.S.C. § 1915A) (citation omitted); *cf. Navarette v. Pioneer Med. Ctr.,* No. 12CV0629 WQH DHB, 2012 WL 4178682, at *3 (S.D. Cal. Sept. 17, 2012) (liberally construing prisoner's § 1983 Complaint to instead arise under *Bivens* because Plaintiff claimed violations of his civil rights by a federal actors).

D. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

E. Discussion

First, Plaintiff's Complaint, even if construed under § 1983, fails to comply with Federal Rule of Civil Procedure 8, and fails to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 677-78; 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than [the type of] unadorned, the defendant-

unlawfully-harmed-me accusation[s]," Plaintiff offers here. *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

For example, Plaintiff contends Defendants violated his right to be free of "cruel and unusual punishment" and his "right to medical care," *see* Compl., Doc. No. 1 at 4, 5, but he leaves completely blank the remaining portions of the Complaint form wherein he is asked to provide the facts supporting those claims, *id.*, and instead merely attaches dozens of sick call request forms and administrative grievances he presumably submitted to SDCJ officials between January and March 2018. *See id.* at 13-49. However, "[w]hile legal conclusions" like "cruel and unusual punishment" "can provide the framework of a complaint, they must be supported by factual allegations," lest the Plaintiff face dismissal. *Iqbal*, 556 U.S. at 679. Mere "labels" and "naked assertions devoid of further factual enhancement" simply "will not do." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555, 557).

Moreover, while "much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

Finally, the Court notes that to the extent Plaintiff apparently seeks to challenge the sufficiency of the medical treatment he has been provided while a pretrial detainee in custody at the SDCJ, his pleading must allege facts sufficient to show that:

> (i) [each] defendant made an intentional decision with respect to the conditions under which [he] was confined; (ii) those conditions put [him] at substantial risk of suffering serious harm; (iii) [each] defendant did not take reasonable available measures to abate that risk, even though a reasonable

official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, [each] defendant caused [his] injuries.

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 2018 WL 1998296, at *5 (9th Cir. 2018).

Because Plaintiff's Complaint currently fails to meet, or even attempt to address any of these pleading requirements, it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

### III. Ex Parte Motion to Set Pre-Trial Hearing Dates

Plaintiff has also filed a Motion requesting that the Court set various pre-trial hearing dates for early neutral evaluation, case management, status, and mandatory settlement conferences. Because the Court dismisses his Complaint for failing to state a claim however, it **DENIES** this Motion (Doc. No. 3) without prejudice as premature.

### IV. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 6).

2. **DIRECTS** the Watch Commander of SDCJ, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, San Diego Central Jail, 1173 Front St., San Diego, California, 92101.

4. **DENIES** Plaintiff's ex parte Motion to Set Pre-Trial Dates (Doc. No. 3); and

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which

8

3:18-cv-00561-MMA-MDD

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: May 17, 2018

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge

9

3:18-cv-00561-MMA-MDD